# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

DISCOUNT INN, INC.
ON BEHALF OF ITS' SELF AND ALL
OTHERS SIMILARLY SITUATED
PLAINTIFF,
v.

CITY OF CHICAGO, A MUNICIPAL
CORPORATION
DEFENDANT,



CASE NO.

CLASS ACTION COMPLAINT BY
PLAINTIFF

## COMPLAINT

Plaintiff, Discount Inn, Inc., by and through their attorney, Ilia Usharovich, present's the following to this honorable court:

### I.   Parties

1. Plaintiff, Discount Inn, Inc. of 8226 N. Kenton Avenue, Skokie Illinois 60075 is an active registered Corporation incorporated under and registered within the State of Illinois. Plaintiff seeks to file that as a class action and seeks to be the class representative.

2. Defendant City of Chicago, of 121 North LaSalle Street, Chicago, IL 60602 is a municipal Corporation is a municipal corporation incorporated under and registered with in the State of Illinois.

## II.   Jurisdiction

3. Plaintiff's primary complaint against Defendant arises under a law of the United States of America, Specifically 42 U.S.C.A. § 1983 (West).

4. The Jurisdiction of the Federal Courts of the United States of America "*** shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, ***" U.S. Const. art. III, § 2, cl. 1.

5. Furthermore, The United States District Courts have original jurisdiction with regard to any civil action authorized by law to be commenced by any person To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. See 28 U.S.C.A. § 1343 (West).

6. With regard to Plaintiff's claim for declaratory judgment, because this is a case of actual controversy within the Federal Court's jurisdiction as explained above, and not a cause based on Federal taxes, nor a proceeding under section

505 or 1146 of title 11, or a civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), <u>any court of the United States</u>, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. See 28 U.S.C.A. § 2201 (West)

7. Additionally, Plaintiffs other claims are related to the claim in the action providing for original jurisdiction, enough for such claims to be considered as part of the same case or contrivers under article III of the United States Constitution."***the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367 (West).

8. Accordingly, This Honorable District Court has Jurisdiction over Plaintiff's claims against Defendant.

### III.  VENUE

9. A civil action may be brought within the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; See 28 U.S.C.A. § 1391 (West). "An entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business. See 28 U.S.C.A. § 1391 (West).

10. Plaintiff maintains it principle place of business in Cook County Illinois. Defendant, a municipality, also maintains is principle place of business in Cook County Illinois. Furthermore, Defendant is a resident of Cook County Illinois, the City of Chicago, and the substantial part of the events or omissions giving rise to the claim occurred in Cook County.

11. Accordingly, venue is proper before this honorable United States District Court.

### IV.   CLASS ACTION ALLEGATION

12. Plaintiff brings this action as a class action pursuant to F.R.C.P. Rule 23(a),(b)(1) and (b)(3), on behalf of a class of owners[1] and persons of whom were fined for violations of 7-28-120 and 7-28-750, within the past two years.

13. During the class period, the Defendant has generated more than $6,000,000.00 in revenue from these violations and fines.

14. During the class period, Defendant has generated more than three thousand notice of violations.

15. The members of the class are so numerous, at least 3,000.00 owners and persons, that the joinder of them is impracticable.

16. The disposition of the Class members' claims in a class action will provide substantial benefits to the parties and the Court.

---

[1] Owner" means any person who alone, jointly or severally with others:
    a.    Shall have legal title to any premises, or dwelling units, with or without accompanying actual possession thereof; or
    b.    Shall have charge, care or control of any premises, dwelling or dwelling unit as owner or agent of the owner, or an executor, administrator, trustee, or guardian of the estate of the owner.
    c.    "Owner" includes the owner, his agent for the purpose of managing, controlling or collecting rents, any other person managing or controlling a building or premises or any part thereof and any person entitled to the control or direction of the management or disposition of a building or premises or of any part thereof

17. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, and created adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as individual members of the Class lack the ability to prosecute individual actions (due to the complexity of the issues and small sum of money involved), and also lack the financial ability to challenge the corporate Goliath that is CITY HALL, THE CITY OF CHICAGO.

19. There is a well-defined community of interest in the questions of law and fact involved in this case. There are questions of law or fact common to the class which include the following:

   a. Whether Defendant has violated Plaintiffs right to be from excessive fines?

   b. Whether Defendant and his agents have violated the Plaintiff's 4th amendment right to be free from unreasonable searches?

      c. Whether 7-28-120 and 7-28-750 violate the 4th and 8th amendment?

      d. Whether 7-28-120 and 7-28-750 are void for vagueness, overbroad, ambiguous, and invalid as being preempted?

20. Such questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

21. The claims or defenses of the representative parties are typical of the claims or defenses of the class, in that they the defenses of the representative party are universal and applicable to the claims or defenses of each member of the class.

22. Plaintiff further requests this court to appoint Plaintiff's Attorney Ilia Usharovich as Class Counsel.

**V.   Count One: 8th Amendment Violation of 42 U.S.C.A. § 1983**

23. Plaintiff is an owner as provided by the municipal code of the city Chicago[2] section 13-4-010.

---

[2] Owner" means any person who alone, jointly or severally with others:
    a.   Shall have legal title to any premises, or dwelling units, with or without accompanying actual possession thereof; or
    b.   Shall have charge, care or control of any premises, dwelling or dwelling unit as owner or agent of the owner, or an executor, administrator, trustee, or guardian of the estate of the owner.
    c.   "Owner" includes the owner, his agent for the purpose of managing, controlling or collecting rents, any other person managing

24. Defendant city of Chicago is a municipal corporation.

25. Defendant city of Chicago enacted Chicago Municipal Ordinance 7-28-120 which provides that "Any person who owns or controls property within the city must cut or otherwise control all weeds on such property so that the average height of such weeds does not exceed ten inches. Any person who violates this subsection shall be subject to a fine of not less than $600 nor more than $1,200. Each day that such violation continues shall be considered a separate offense to which a separate fine shall apply." Chicago Municipal Code 7-28-120.

26. Defendant enacted Chicago Municpal Code Ordinance 7-28-750, "Which provides that It shall be the duty of the owner of any open lot located within the City of Chicago to cause the lot to be surrounded with a noncombustible screen fence as defined in Section 13-96-130 of this Code. Any person who violates any provision of this section shall be fined not less than $300 nor more than $600 for each offense."

27. A Municipality is a "person" within § 1983 when it acts pursuant to official policy. When A municipality enacts an ordinance, a municipality engages in an act of official policy. Accordingly, Defendant is a person because Defendant engaged in an act of official policy.

---

or controlling a building or premises or any part thereof and any person entitled to the control or direction of the management or disposition of a building or premises or of any part thereof

28. Plaintiff has been fined $200.00-$1,200.00 pursuant to 7-28-120 and 7-28-750 on numerous occasions within the past two years.

29. Plaintiff has incurred legal costs in Defending such proceedings.

30. Plaintiff is being prosecuted by the City of Chicago currently for such violations.

31. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "***the Supreme Court has interpreted the Excessive Fines Clause to apply to civil fines". See *Towers v. City of Chicago*, 173 F.3d 619, 624 (7th Cir. 1999).

32. This Constitutional right is incorporated into the 14th amendment and applied to the States via the 14th amendment.

33. Plaintiff complains that the civil fine of $600.00 nor more than $1,200.00 is grossly disproportional to the gravity of the Defendants offenses of failing to cut their weeds, and thereby violates the 8th amendment of the United States of America.

34. Plaintiff complains that civil fine of $300.00 nor more than $600.00 is grossly disproportional to the gravity of the Defendants offenses of failing to have a fence upon their

property, and thereby violates the 8th amendment of the United States of America.

35. Furthermore, The Illinois General Assembly found that a fine of $100.00 for the first offense and $200.00 for the second offense was proportionate to the seriousness of the offense of not cutting NOXIOUS WEEDS[3], which are toxic and Harmful. However, the City of Chicago issues fines in the Amount of $600-$1200.00 for each violation of not cutting ANY WEEDS in excess of 10 inches, this includes Milk Weed which necessary to the survival of the Monarch Butterfly, which is also designated by the Illinois General Assembly as the State Insect.

36. The General Assembly of the State of Illinois provided that the duty of enforcing the noxious weed Act and carrying out its provisions is vested in the Director, and the authorities designated in the noxious weed Act acting under the supervision and direction of the Director. See 505 ILCS 100/4.

---

1. [3] Illinois State Law provides that "Every person shall control the spread of and eradicate noxious weeds on lands owned or controlled by him and use such methods for that purpose and at such times as are approved and adopted by the Director of the Department of Agriculture." 505 ILCS 100/3. "Any person violating any provision of this Act or any regulation issued hereunder is guilty of a petty offense and shall be fined not more than $100 for the first offense and not more than $200 for each subsequent offense." 505 ILCS 100/22

37. ""Director" means the Director of the Department of Agriculture of the State of Illinois, or his duly appointed representative." 505 ILCS 100/2.

38. The General Assembly further provided that "Each Control Authority shall carry out the duties and responsibilities vested in it under this Act with respect to land under its jurisdiction in accordance with rules and regulations prescribed by the Department. Such duties shall include the establishment, under the general direction of the Control Authority, of a coordinated program for control and eradication of noxious weeds within the county." 505 ILCS 100/7

39. "The Control Authority" means the governing body of each county, and shall represent all rural areas and cities, villages and townships within the county boundaries." "505 ILCS 100/2

40. Defendant is not a County, or a governing board of the County of Cook.

41. Defendant is not Director of the Department of Agriculture of the State of Illinois, or his duly appointed representative.

42. Defendant is not cooperating with the Controlling authority in enforcement of the NOXIOUS WEEDS ACT because they are issuing fines in excess of $200.00 for the offense of failing to cut ANY WEEDS, which includes noxious weeds.

43. However, if Defendant is cooperating with the County in enforcement of the Noxious Weed Act then they are issuing fines in excess of what is allowed to be issued.

44. Plaintiff has the Constitutional right to be free from excessive fines being imposed by Government under the 8th Amendment.

45. This Constitutional right is incorporated into the 14th amendment and applied to the States via the 14th amendment.

46. Defendant passed this ordinance which resulted in the constitutional deprivation to Defendant's of his right to be free from excessive fines and the unconstitutional taking of property through excessive fines.

47. Plaintiff believes the fines to be excessive and violative of the 8th Amendment.

48. The ordinance is the moving force behind the constitutional deprivation in that the ordinance is the vehicle for assessing such fines.

49. Defendant has imposed, continues to impose, and continues to prosecute and seek to impose fines of $600.00-$1200.00 for failing to cut down weeds and $300-$600.00 for failure to place fences upon the property.

50. Defendant has received over $6,000,000.00 dollars in revenue from these ordinances.

51. Wherefore, Plaintiff requests a return of the total amount of fines paid, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and costs and attorney's fees for defending claims under the ordinances.

## VI. Count 2: 1983 Violation via the 4th Amendment

52. Defendant city of Chicago is a municipal corporation.

53. Defendant city of Chicago enacted Chicago Municipal Ordinance 7-28-120 which provides that "Any person who owns or controls property within the city must cut or otherwise control all weeds on such property so that the average height of such weeds does not exceed ten inches. Any person who violates this subsection shall be subject to a fine of not less than $600 nor more than $1,200. Each day that such violation continues shall be considered a separate offense to which a separate fine shall apply." Chicago Municipal Code 7-28-120.

54. A Municipality is a "person" within § 1983 when it acts pursuant to official policy.

55. When it enacts an ordinance, a municipality engages in an act of official policy.

56. "The Fourth Amendment provides in relevant part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." The Amendment establishes a simple baseline, one that for much of our history formed the

exclusive basis for its protections: When "the Government obtains information by physically intruding" on persons, houses, papers, or effects, "a 'search' within the original meaning of the Fourth Amendment" has "undoubtedly occurred." *Florida v. Jardines*, 133 S. Ct. 1409, 1414, 185 L. Ed. 2d 495 (2013)

57. "the area "immediately surrounding and associated with the home"—what our cases call the curtilage—as "part of the home itself for Fourth Amendment purposes." *Oliver, supra,* at 180, 104 S.Ct. 1735. *Florida v. Jardines*, 133 S. Ct. 1409, 1414, 185 L. Ed. 2d 495 (2013)

58. "***the Fourth Amendment is enforceable against the States through the Fourteenth Amendment. *Camara v. Mun. Court of City & Cnty. of San Francisco*, 387 U.S. 523, 528, 87 S. Ct. 1727, 1730, 18 L. Ed. 2d 930 (1967)

59. 7-28-120 requires the average height of the weeds to be in excess of 10 inches for a violation of the ordinance to occur.

60. Accordingly, Agents of Defendant whom enforce this statute measure the weeds to determine the average height of the weeds.

61. To do so Agents of the Defendant entered the curtilage of homes and on private property to gather evidence for prosecution by taking photos of the weeds and measurements

62. Agents of the Defendant entered Plaintiff's property without warrants.

63. Agents of the Defendant were told to do so by Defendant for the benefit of Defendant through this ordinance.

64. Such Administrative searches pursuant to the ordinance are policy of the Defendant and create significant intrusions upon the interests protected by the Fourth Amendment.

65. Such searches when authorized and conducted without a warrant procedure lack the traditional safeguards and thereby violated the Plaintiff's Fourth Amendment guarantees to Plaintiff.

66. Such evidence was used against Plaintiff and resulted in liability from the prosecutions by Defendant.

67. Defendant also derived monetary benefits from the illegal search and seizure.

68. Wherefore, Plaintiff requests a return of the total amount of fines received by the Defendant, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and costs and attorney's fees for defending claims under the ordinances, and the release and satisfaction of all debt owed to the Defendant as a result of judgments of liability against Plaintiff under these statutes.

## VI.   COUNT 3: Declaration of Unconstitutionality based on PREEMPTION BY 7 C.F.R. § 360.600.

69. 7 C.F.R.§ 360.300 provides that no person may move a Federal noxious weed into or through the United States, or interstate, unless:(a) He or she applies for a permit to move a noxious weed in accordance with § 360.301; (b) The permit application is approved; and (c) The movement is consistent with the specific conditions contained in the permit.

70. 7 C.F.R. § 360.600 provides that in accordance with section 436 of the Plant Protection Act, the regulations in this part preempt all State and local laws and regulations that are inconsistent with or exceed the regulations in this part unless a special need request has been granted in accordance with the regulations in §§ 301.1 through 301.13 of this chapter." See 7 C.F.R. § 360.600.

71. Person is defined as, "Any individual, partnership, corporation, association, joint venture, or other legal entity."7 C.F.R. § 360.100

72. Move, means "To carry, enter, import, mail, ship, or transport; to aid, abet, cause, or induce the carrying, entering, importing, mailing, shipping, or transporting; to offer to carry, enter, import, mail, ship, or transport; to receive to carry, enter, import, mail, ship, or transport; to

release into the environment; **or to allow any of the activities described in this definition.**" § 360.100

73. Defendant is a person.

74. Defendant was never granted a special request from the federal government.

75. Defendant has passed a law requiring the cutting or control of all weeds above 10 inches and is allowing the activities described in § 360.100.

76. All weeds includes noxious weeds.

77. A residential rental property affects interstate commerce as a matter of law.

78. Some weeds are located on residential rental property.

79. Defendants have ordered that all weeds in excess of 10 inches be cut down thereby allowing the activities described in the definition of movement under 360.100.

80. All Cut Weeds will then be carried or transported, on or from the rental property [interstate commerce] or other property through channels of interstate commerce, such as highways for disposal, either by means of carrying or transporting by hand, garbage truck, or other vehicle. The Defendants ordinance allows these activities to occur.

81. Defendants regulations are inconsistent with and exceed the regulations of the plant protection act by allowing for movement of ALL WEEDS, not all non-noxious weeds on the

property related to interstate commerce and through interstate transport without application for a permit to move a noxious weed in accordance with § 360.301; without such application being approved; and without the movement being consistent with the specific conditions contained in the permit.

82. Accordingly, Defendant is preempted from passing such legislation and enforcing it by the Federal Government.

83. Wherefore, Plaintiff requests the court to Declare such ordinance invalid, order the return of the total amount of fines paid, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and costs and attorney's fees for defending claims under the ordinances

## VII. COUNT 4: Declaration of Unconstitutionality based on violation of the 4th amendment

84. Plaintiff recites paragraphs 29-37.

## VIII. Count 5: Declaration of Unconstitutionality of 7-28-120 for violating the Illinois State Constitutional limit on Municipal Powers

85. Any municipality which has a population of more than 25,000 are home rule units. See Ill. Const. art. VII, § 6

86. The Defendant is a home rule unit of local government under the 1970 Illinois Constitution due to the population being more than 25,000.

87. Under the Illinois State Constitution S.H.A. Const. Art. 7, § 6, home rule units have same powers as the sovereign, except where such powers are limited by General Assembly.

88. ""Municipal" or "municipality" means a city, village, or incorporated town in the State of Illinois, but, unless the context otherwise provides, "municipal" or "municipality" does not include a township, town when used as the equivalent of a township, incorporated town that has superseded a civil township, county, school district, park district, sanitary district, or any other similar governmental district. If "municipal" or "municipality" is given a different definition in any particular Division or Section of this Act, that definition shall control in that division or Section only." 65 ILCS 5/1-1-2

89. "The corporate authorities of each municipality may pass all ordinances and make all rules and regulations proper or necessary, to carry into effect the powers granted to municipalities, with such fines or penalties as may be deemed proper. No fine or penalty, however, except civil penalties provided for failure to make returns or to pay any taxes levied by the municipality shall exceed $750 and no

imprisonment authorized in Section 1-2-9 for failure to pay any fine, penalty or cost shall exceed 6 months for one offense." 65 ILCS 5/1-2-1 Passed in 2009.

90. The City of Chicago has passed and levied fines in the amount of $600-1200.00 for a violation of 7-28-120.

91. The City of Chicago is a municipality.

92. The City of Chicago has made civil penalties which exceed $750.00

93. Accordingly, 7-28-120 violates the Illinois State Constitution in that it is beyond the powers conferred to Defendant of levying fines in excess of $750.00

94. Wherefore, Plaintiff requests the court to Declare such ordinance invalid, order the return of the total amount of fines paid, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and costs and attorney's fees for defending claims under the ordinances

IX. **COUNT 6. Declaration of Unconstitutionality of 7-28-120 as being preempted by State Regulation**

95. Under the Illinois State Constitution S.H.A. Const. Art. 7, § 6, home rule units have same powers as the sovereign, except where such powers are limited by General Assembly.

96. The General Assembly of the State of Illinois provided that the duty of enforcing the noxious weed Act and carrying out its provisions is vested in the Director, and the authorities

designated in the noxious weed Act acting under the supervision and direction of the Director. See 505 ILCS 100/4.

97. ""Director" means the Director of the Department of Agriculture of the State of Illinois, or his duly appointed representative." 505 ILCS 100/2.

98. The General Assembly further provided that "Each Control Authority shall carry out the duties and responsibilities vested in it under this Act with respect to land under its jurisdiction in accordance with rules and regulations prescribed by the Department. Such duties shall include the establishment, under the general direction of the Control Authority, of a coordinated program for control and eradication of noxious weeds within the county." 505 ILCS 100/7

99. "The Control Authority" means the governing body of each county, and shall represent all rural areas and cities, villages and townships within the county boundaries." "505 ILCS 100/2

100. Defendant is not a County, or a governing board of the County of Cook.

101. Defendant is not Director of the Department of Agriculture of the State of Illinois, or his duly appointed representative.

102. Defendant is not cooperating with the Controlling authority in enforcement of the NOXIOUS WEEDS ACT because they are issuing fines in excess of $200.00 for the offense of failing to cut ANY WEEDS, which includes noxious weeds

103. However, if Defendant is cooperating with the County in enforcement of the Noxious Weed Act then they are issuing fines in excess of what is allowed to be issued.

104. Accordingly, Defendant is preempted by the General Assembly from regulating weeds.

105. Defendant has passed a law requiring the cutting of all weeds above 10 inches.

106. All weeds included noxious weeds.

107. Defendant is not given concurrent authority to legislate regarding weeds or noxious weeds, or the authority to regulate weeds from the General Assembly.

108. Such Authority was provided to the Director of Agriculture and Controlling authority.

109. Accordingly, Defendant is preempted from passing such legislation and enforcing it.

110. Wherefore, Plaintiff requests the court to Declare such ordinance invalid, order the return of the total amount of fines paid, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and

costs and attorney's fees for defending claims under the ordinances

**X.  COUNT 6. Declaration of Unconstitutionality of 7-28-120 as being void for vagueness, overbroad, violative of due process, and ambiguous or otherwise to be construed against the Drafter.**

111. 7-28-120 Statute provides that "Any person who owns or controls property within the city must cut or otherwise control all weeds on such property so that the average height of such weeds does not exceed ten inches.  Any person who violates this subsection shall be subject to a fine of not less than $600 nor more than $1,200.  Each day that such violation continues shall be considered a separate offense to which a separate fine shall apply."

112. 7-28-120 fails to provide a person of ordinary intelligence fair notice of what is prohibited, and is so standard less that it authorizes or encourages seriously discriminatory enforcement.

113. 7-28-120  does not define the term "controls" or owns.

114. 7-28-120  does not define the term "weeds".

115. 7-28-120  does not define any system for measurement of the average height of the weeds.

116. 7-28-120 does not provide for any guidance in determining the fines.

117. 7-28-120 does not provide for any statue of limitations on the violations.

118. The Illinois General assembly provided a definition with regard to noxious weeds Control Act for the words ", "controlled" or "controlling" as being in charge of or being in possession, whether as owner, lessee, renter, or tenant, under statutory authority, or otherwise. 505 ILCS 100/2 so that persons can be aware of who is subject to the statute's regulation.

119. The Illinois General assembly provided a definition with regard to noxious weeds Control Act for the words "Noxious weed" which means any plant which is determined by the Director, the Dean of the College of Agriculture of the University of Illinois and the Director of the Agricultural Experiment Station at the University of Illinois, to be injurious to public health, crops, livestock, land or other property. 505 ILCS 100/2. This was done to provide notice of what plants a person can grow on their property in accordance with the law.

120. The City of Chicago ordinance does not explain what amount of control over the property is needed for a person to be liable and thereby fails to provide a person of ordinary

intelligence fair notice of what is prohibited, and is so

standard less that it authorizes or encourages seriously

discriminatory enforcement.

121. The City of Chicago ordinance does not define what a weed

is allowing for innocent horticulturists, botanists, or

simply gardeners or owners of property growing plants which

may or may not be considered weeds greater than 10 inches to

be punished. [For an example of how numerous are the types of

weeds in existence see 7 C.F.R. § 360.200].It thereby fails

to provide a person of ordinary intelligence fair notice of

what is prohibited, and is so standard less that it

authorizes or encourages seriously discriminatory

enforcement. It furthermore encompassed to much innocent

conduct as stated above.

122. 7-28-120 does not define any system for measurement of the

average height of the weeds. It thereby fails to provide a

person of ordinary intelligence fair notice of what is

prohibited, and is so standard less that it authorizes or

encourages seriously discriminatory enforcement.

123. 7-28-120 does not provide for a statue of limitation and

allows the city to hoard tickets and issue them at any time

without any limitation. It thereby fails to provide a person

of ordinary intelligence fair notice of what is prohibited,

and is so standard less that it authorizes or encourages seriously discriminatory enforcement.

124. Accordingly, 7-28-120 is unconstitutionally void for vagueness, overbroad, and violative of due process.

125. Wherefore, Plaintiff requests the court to Declare such ordinance invalid, order the return of the total amount of fines paid, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and costs and attorney's fees for defending claims under the ordinances

**XI.   COUNT 7. 7-28-750 Declaration of Unconstitutionality as being void for vagueness, overbroad, violative of due process and otherwise ambiguous and to be construed against the drafter**

126. 7-28-750 provides that, "It shall be the duty of the owner of any open lot located within the City of Chicago to cause the lot to be surrounded with a noncombustible screen fence as defined in Section 13-96-130 of this Code.  Provided, however, that this section shall not apply to any governmental agency or unit of local government; nor shall it apply to side-yards. The owner shall maintain any such fence in a safe condition without tears, breaks, rust, splinters or dangerous protuberances and in a manner that does not endanger or threaten to endanger vehicular traffic by

obstructing the view of drivers. Any fence which is not maintained in accordance with these provisions is hereby declared to be a public nuisance and shall be removed pursuant to the provisions of this Chapter 7-28. It shall be the duty of the owner of any lot whose fence has been so removed to replace such fence with a noncombustible screen fence meeting the requirements of this section and of this Code."

127. 7-28-750 does not provide the definition of a side yard.

128. Plaintiff believes Side-yard could mean a vacant lot or piece of property which lies directly next to any building or other piece of property.

129. Defendant made admissions that side-yard means property having the same pin number as the lot or piece of property next door.

130. 7-28-750 is thereby ambiguous and also fails to provide a person of ordinary intelligence fair notice of what is prohibited, and is so standard less that it authorizes or encourages seriously discriminatory enforcement.

## XII. COUNT 8. 7-28-750 and 7-28-120 Declaration of Unconstitutionality as being violative of the Illinois State Constitution.

131. 7-28-120 and 7-28-750 violates Article 1. Section 11 of the Illinois State Constitution. "Statutes are presumed to be constitutional. People v. Sharpe, 216 Ill.2d 481, 487, 298 Ill.Dec. 169, 839 N.E.2d 492, 497 (2005). "To overcome this presumption, the party challenging the statute must clearly establish that it violates the constitution." Id. Article I, section 11 of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A proportionate penalties challenge to a statute alleges that "the penalty in question was not determined according to the seriousness of the offense." Sharpe, 216 Ill.2d at 487, 298 Ill.Dec. 169, 839 N.E.2d at 498.

132. A defendant's sentence violates the proportionate penalties clause of the Illinois Constitution when: (1) the penalty is "cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community"; or (2) the penalty is harsher than the penalty for a different offense that contains identical elements.

(Internal quotation marks omitted.) Id. At 487, 521, 298 Ill.Dec. 169, 839 N.E.2d at 498, 517." People v. Williams, 2012 IL App (1st) 100126, 976 N.E.2d 476, 490

133. Plaintiffs assert that the punishment of $600.00-$1,200.00 for not cutting weeds and the punishment of $300-600.00 for not having a fence shocks the moral sense of the community in that it is simply to high and can ruin a person living check to check in this economy. A person on government aid is paid $600-1200 a month. This could be an entire homeowners months living resource for such a petty offense.

134. Wherefore, Plaintiff requests the court to Declare such ordinance invalid, order the return of the total amount of fines paid, with applicable statutory interest due, and costs and Attorney's fee for prosecuting this action and costs and attorney's fees for defending claims under the ordinances

**XIII. PRAYER FOR RELIEF**

135. Wherefore, Plaintiff requests that this court

    a. Declare this action to be a proper class action;

    b. Award Plaintiffs such relief as is necessary to redress the injuries from Defendants violations and conduct complained of

    c. Declare such statutes invalid

    d. Award Plaintiffs their costs as allowed by law; and

e. Award such additional relief as may be just and
    proper, including injunctive relief.

f. Order the Defendant to repeal the Statute and cease
    all pending prosecutions under the statutes.


Respectfully, Submitted on October 6th, A.D. 2013




                                    __/S/_____

                                        Ilia Usharovich

                                    Attorney For Plaintiff

Ilia Usharovich
224 s. Milwaukee Ave Suite G
wheeling, Illinois 60090
telephone: 847-264-0435
Facsimlie: 224-223-8079
Attorney Number: 6302193
EMAIL: ILIA@USHAROLAW.COM