# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DISCOUNT INN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 CV 7168 |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Discount Inn, Inc. ("Plaintiff") sues Defendant City of Chicago (the "City"), challenging the constitutionality of the City's ordinances governing weed control (the "weed control ordinance"), Mun. Code of Chi. 7-28-120, and the fencing of vacant lots (the "vacant lot ordinance"), Mun. Code of Chi. 7-28-750. Before the Court is the City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## I. BACKGROUND

Plaintiff initiated this putative class action against the City on October 6, 2013. On April 25, 2014, Plaintiff filed its First Amended Complaint. Plaintiff alleges that it is a property owner in the City and has been subject to fines for violations of the weed control and vacant lot ordinances. Under the weed control ordinance, property owners in the City can be subject to a fine of "not less than $600 nor more than $1,200" for failure to cut or otherwise control weeds that exceed a height of ten inches. Mun. Code of Chi. 7-28-120(a). Pursuant to the vacant lot ordinance, property owners in the City must surround their open lots with fencing or be subject to a fine of "not less than $300 nor more than $600 for each offense." Mun. Code of Chi. 7-28-

750(d).

Plaintiff challenges the constitutionality of the ordinances on their face. Plaintiff alleges that: (1) the ordinances violate its civil rights by subjecting it to excessive fines in violation of the Eighth Amendment (Count 1); (2) the weed control ordinance burdens expressive rights under the First Amendment—namely, gardening—and is otherwise vague, and overbroad and violates Plaintiff's Due Process rights under the Fourteenth Amendment (Counts 2 and 8); (3) the vacant lot ordinance is vague, overbroad, and in violation of Plaintiff's Due Process rights under the Fourteenth Amendment (Counts 3 and 9); (4) the ordinances violate the Proportionate Penalties Clause of the Illinois Constitution, ILL. CONST. of 1970, art. I, § 11 (2014) (Count 4); (5) the City's ordinances are preempted by Illinois state law (Count 5); (6) the use of hearsay during the administrative hearings for alleged violations of the ordinances violates Plaintiff's Due Process rights under both the United States and Illinois state constitutions (Count 6); and (7) the ordinances violate Plaintiff's Due Process rights because the ordinances do not expressly state that there is no statute of limitations defense available to violators (Count 7).

## II. DISCUSSION

### A. Standard of Decision

Pursuant to Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff."

2

Id. at 934 (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Dismissal is proper if it appears beyond a doubt that the plaintiff cannot prove any facts that would support [its] claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

**B. Constitutional Challenges to the City's Ordinances**

As an initial matter, the Court notes that Plaintiff failed to respond to the City's arguments with respect to Counts 4, 5, 6, and 7 of the First Amended Complaint. "Long-standing under our case law is the rule that a person waives an argument by failing to make it before the district court." Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011). "We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." Id.; see also Lekas v. Briley, 405 F.3d 602, 614 (7th Cir. 2005) ("[E]ven though a complaint may comply with the simple notice pleading requirements of Rule 8(a)(2), it may nonetheless be dismissed under Rule 12(b)(6) if the plaintiff does not present legal arguments supporting the 'substantive adequacy' or 'legal merit' of that complaint." (citations omitted)). Because Plaintiff failed to respond to the City's arguments and support the legal adequacy of its claims, Counts 4, 5, 6, and 7 are considered abandoned and therefore are dismissed. The Court now turns to Plaintiff's remaining constitutional claims.

*1. The fines under the weed control and vacant lot ordinances do not violate the Excessive Fines Clause of the Eighth Amendment*

In Count 1, Plaintiff alleges that "[a]ny fine between $600-1,200 for excessive weeds . . . is excessive and disproportionate to the gravity of the offense and/or the serious [sic] of the

3

offense," First Am. Compl. ¶ 55, and that "[a]ny fine . . . between $300-$600 for failing to have a fence . . . is excessive and disproportionate to the gravity of the offense, thereby being excessive under the 8th Amendment," id. ¶ 56. The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.

First, the City argues that the Excessive Fines Clause of the Eighth Amendment is inapplicable because it has never been expressly incorporated through the Due Process Clause of the Fourteenth Amendment and applied to the states. Indeed, the United States Supreme Court specifically noted that the Eighth Amendment's prohibition on excessive fines has never been fully incorporated. McDonald v. City of Chi., 561 U.S. 742, 765 n.13 (2010). The Supreme Court stated, "[w]e never have decided whether . . . the Eighth Amendment's prohibition of excessive fines applied to the States through the Due Process Clause." Id. Nevertheless, in Towers v. City of Chicago, 173 F.3d 619, 623-24 (7th Cir. 1999), the Seventh Circuit assumed, albeit without discussion, that the Excessive Fines Clause applied to a municipal ordinance of the City. Thus, in an abundance of caution, the Court addresses the City's remaining arguments with respect to Plaintiff's Eighth Amendment claim.

Next, the City argues that the Excessive Fine Clause does not apply to the ordinances at issue because the fines are remedial, not punitive. Civil penalties or forfeitures are only considered "fines" under the Eighth Amendment "if they constitute punishment for an offense." United States v. Bajakajian, 524 U.S. 321, 328 (1998). A civil sanction is considered remedial if it correlates to "damages sustained by society or to the cost of enforcing the law." Austin v. United States, 509 U.S. 602, 621 (1993) (internal quotation marks and citation omitted). However, "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but

rather can only be explained as also serving either retributive or deterrent purposes, is punishment." Id. at 610 (internal quotation marks and citation omitted). Here, the ordinances do not serve merely remedial purposes. For example, the weed control ordinance refers to the fine as a "penalty," and the City only seeks reimbursement for its costs incurred in cutting the weeds if the violation continues after an owner has been "convicted" under the ordinance. Mun. Code of Chi. 7-28-120. Similarly, under the vacant lot ordinance, the fine imposed appears to serve as a deterrent, and therefore punitive, because "[e]ach day such violation continues shall constitute a separate and distinct offense to which a separate fine shall apply." Mun. Code of Chi. 7-28-750(d).

However, even a punitive fine or forfeiture must be "constitutionally excessive" in order to violate the Eighth Amendment. Bajakajian, 524 U.S. at 334. A fine is considered excessive "if it is grossly disproportional to the gravity of a defendant's offense." Id. Plaintiff raises only a facial challenge to the fines imposed by the ordinances, arguing that any fine under the ordinances is excessive. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987).

Courts consider four factors when determining whether a fine is excessive: "(1) the essence of the crime and its relation to other criminal activity; (2) whether the defendant fit into the class of persons for whom the statute was principally designed; (3) the maximum sentence and fine that could have been imposed; and (4) the nature of the harm caused by the defendant's conduct." United States v. Malewicka, 664 F.3d 1099, 1104 (7th Cir. 2011).

With respect to the essence of the crimes—failing to fence a vacant lot and failing to cut or control weeds that exceed a height of ten inches—the offenses affect more than just the

5

violator and the City.  The vacant lot ordinance and the weed control ordinance both serve legitimate government interests of protecting the safety, property values, and aesthetics of a neighborhood.  See Shachter v. City of Chi., 962 N.E.2d 586, 610 (Ill. App. Ct. 2011) (stating that the City's weed control ordinance serves "a legitimate interest in aesthetics"); see also Nat'l Paint & Coatings Ass'n v. City of Chi., 45 F.3d 1124, 1126 (7th Cir. 1995) ("A home-rule unit in Illinois may 'regulate for the protection of the public health, safety, morals and welfare.'" (quoting ILL. CONST. of 1970, art. VII, § 6(a) (2014)).  As to the second factor, Plaintiff, as an owner who has been fined under both ordinances, fits into the class of persons that the ordinances intend to address.  Under the last two factors, maximum fines of $1200 under the weed control ordinance and $600 under the vacant lot ordinance are not shockingly high, particularly in light of the danger caused to the general public when vacant lots are left unattended, and the economic harm caused to neighboring businesses and property owners when weeds are neglected.  In sum, Plaintiff has not and cannot plead facts that show that the fines under either ordinance are grossly disproportionate to the offenses under all circumstances.  See Wilson, 624 F.3d at 392.  Accordingly, Count 1 is dismissed.

*2. The weed control ordinance does not violate the First Amendment or Due Process rights*

In Counts 2 and 8, Plaintiff alleges that the weed control ordinance is overbroad because it chills expressive rights protected by the First Amendment and that it is vague and allows for arbitrary and discriminatory enforcement because it does not define, *inter alia*, what it means for weeds to be "managed or maintained."  Plaintiff's challenges are facial, and not as applied to its specific property.

With respect to Plaintiff's First Amendment allegations, "[a] statute is facially overbroad only when it prohibits a substantial amount of protected speech, and unconstitutionally vague

6

only when its deterrent effect on legitimate expression is . . . both real and substantial. Ctr. for Individual Freedom v. Madigan, 697 F.3d 464, 470-71 (7th Cir. 2012) (internal quotation marks and citations omitted). Plaintiff argues only that the weed control ordinance prohibits its protected speech in the form of gardening. In previous state and federal challenges to this very ordinance, courts have repeatedly held that gardening in this context is not a form of expression protected by the First Amendment. Schmidling v. City of Chi., 1 F.3d 494, 499 (7th Cir. 1993) (stating that the plaintiff-gardeners "are not engaged in any constitutionally protected conduct or expression"); Shachter, 962 N.E.2d at 606 ("[P]laintiff's conduct—his alleged failure to control weeds on his property . . . [does] not implicate any first amendment rights."). The Court agrees that gardening is not a protected form of expression. Thus, Plaintiff's facial challenge to the City's weed control ordinance based on First Amendment protections fails.

Plaintiff also alleges that the weed control ordinance is void for vagueness and violates Due Process because it fails to define certain key terms.

> The void for vagueness doctrine rests on the basic due process principle that a law is unconstitutional if its prohibitions are not clearly defined. The due process clause, though, does not demand perfect clarity and precise guidance. Rather, a statute is only unconstitutionally vague if it fails to define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and it fails to establish standards to permit enforcement in a nonarbitrary, nondiscriminatory manner.

Hegwood v. City of Eau Claire, 676 F.3d 600, 603 (7th Cir. 2012) (internal quotation marks and citations omitted). "Laws must contain a 'reasonable degree of clarity' so that people of 'common intelligence' can understand their meaning." Gresham v. Peterson, 225 F.3d 899, 908 (7th Cir. 2000) (quoting Roberts v. United States Jaycees, 468 U.S. 609, 629 (1984)). "Furthermore, because the penalties for noncompliance are less severe, laws imposing civil rather than criminal penalties do not demand the same high level of clarity." Id. "To succeed

[on a facial challenge] . . . the complainant must demonstrate that the law is impermissibly vague in all of its applications." Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61, 251 F.3d 662, 667 (7th Cir. 2001).

As a preliminary matter, the Court notes that Plaintiff's challenges to the ordinance regarding the City's failure to define a system of measurement for the weeds, its failure to define the terms "owns or controls," its failure to provide guidance in determining the fines, and its failure to provide a statute of limitations, are sparse, undeveloped, conclusory, and insufficient to state an actionable constitutional challenge. See Iqbal, 556 U.S. at 678. Therefore, the Court looks only at Plaintiff's allegation that the undefined terms "managed and maintained" make the ordinance void for vagueness.

First, the terms "manage and maintain" do not even appear in the weed control ordinance. See Mun. Code of Chi. 7-28-120. Rather, the terms appear in the "Rules and Regulations for Weed Control" issued by the Department of Environment and the Department of Streets and Sanitation for the City of Chicago. Def.'s Mot. to Dismiss Pl.'s First Am. Compl. Ex. C.[1] The regulation, enacted "to accomplish the purposes of Section 7-28-120 of the Municipal Code of Chicago," provides, "WHEREAS, While promoting the use of native vegetation, the City of Chicago wants to continue to require property owners and persons in control of property to manage and maintain vegetation growing on their property . . . ." Id. (emphasis added). Although undefined, the terms "manage and maintain" have an ordinary meaning that is clearly understandable to a person of common intelligence, particularly when read in conjunction with the relevant ordinance which prohibits property owners in the City from allowing their weeds to

---

[1] The Court takes judicial notice of this regulation, from which language quoted in the First Amended Complaint is derived. See Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." (citations omitted)).

8

grow in excess of ten inches. A property is not managed or maintained when it is neglected and overgrown with weeds in excess of ten inches. Plaintiff cannot establish that the ordinance, or in this case the accompanying regulation, is vague in all of its applications. Therefore, Counts 2 and 8 are dismissed.

### *3. The vacant lot ordinance does not violate Due Process Rights*

Finally, in Counts 3 and 9, Plaintiff alleges that the vacant lot ordinance is unconstitutionally vague because it does not define the term "sideyards," which are excluded from the fencing requirements. Mun. Code of Chi. 7-28-750(a) ("It shall be the duty of the owner of any open lot located within the City of Chicago to cause the lot to be surrounded with a noncombustible screen fence as defined in Section 13-96-130 of this Code. Provided, however, that this section shall not apply to any governmental agency or unit of local government; nor shall it apply to sideyards." (emphasis added)). Although undefined in the vacant lot ordinance, the term sideyard is defined elsewhere in the Municipal Code of Chicago in the zoning ordinances. A sideyard is defined as "[t]he actual area that exists between a building and the *side property line* of the *lot* on which the building is located . . . ." Mun. Code of Chi. 17-17-02158. This definition is consistent with the ordinary understanding of the term sideyard, and not Plaintiff's alleged interpretation of any empty lot located next to or "to the side of" a building. The use of the term sideyard does not render the ordinance open to arbitrary enforcement. Persons of ordinary intelligence understand that a "yard," whether to the front, rear, or side, is that which is contained within their own lot and property lines. See Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982) ("[W]e insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."). Accordingly, the vacant lot ordinance is not unconstitutionally vague. Counts 3

and 9 are therefore dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: November 5, 2014